```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

EMMA LIGHTSEY,                        :

    Petitioner,                       :

v.                                    :         CIVIL ACTION 12-0042-KD-M

FRANK ALBRIGHT,                       :

    Respondent.                       :

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate that was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that this habeas petition be denied as this Court does not have jurisdiction over it, that this action be dismissed, and that judgment be entered in favor of Respondent Frank Albright and against Petitioner Emma Lightsey on all claims.  It is further recommended that, should Petitioner file a certificate of appealability, it be denied as she is not entitled to appeal *in forma pauperis*.

Petitioner was convicted of murder on November 23, 2004 for

which she was sentenced to life imprisonment (Doc. 1, p. 1; Doc. 6, p. 2).  Following an affirmance by the Alabama Court of Criminal Appeals, the Alabama Supreme Court denied Lightsey's petition for *certiorari* and, on April 14, 2006, issued a certificate of judgment (*see* Doc. 6, p. 2; *cf.* Doc. 1, p. 2).

Petitioner filed a State Rule 32 petition which was denied; Lightsey did not appeal the denial of her petition (*see* Doc. 6, p. 2; *cf.* Doc. 1, p. 3).  Petitioner filed a second Rule 32 petition which was denied at Circuit Court and by the Alabama Court of Criminal Appeals (*see* Doc. 6, p. 2; *cf.* Doc. 1, pp. 5-7).

On July 5, 2007, Lightsey filed a habeas petition in this Court.  *Lightsey v. King*, 07-0481-CG-C (S.D. Ala. January 9, 2008) (Doc. 1).  Following a recommendation by United States Magistrate Judge Cassady, United States District Judge Granade denied and dismissed the petition, finding no claims of constitutional proportion; judgment was entered on January 9, 2008.  *Lightsey v. King*, 07-0481-CG-C (S.D. Ala. January 9, 2008) (Docs. 11, 16-17).

Petitioner filed the current habeas petition on January 23, 2012 which raises the following claims:  (1) The trial court erred in not appointing her counsel on her Rule 32 petition; (2) she was not given an opportunity to file an appeal in her Rule

2

32 petition; (3) the trial court gave improper jury instructions; (4) she was called to testify by her attorney without proper notice (Doc. 1).  Respondent Answered the Complaint, asserting that this was a successive petition and that Lightsey had failed to seek approval from the Eleventh Circuit Court of Appeals to file it (Doc. 6, pp. 5-6).

The Court notes that this Court's review is barred without a certificate from the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b).  In an Order instructing Petitioner to address this issue, the Court noted that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A) (Doc. 7).

The Court notes that Petitioner has provided no evidence that she has been given the authority to file this action (*see* Docs. 8-9).  Because Petitioner has filed a successive habeas petition, without first obtaining authorization from the Eleventh Circuit Court of Appeals to do so, this Court is without jurisdiction to rule on it.

Therefore, it is recommended that this habeas petition be denied as this Court does not have jurisdiction to review it,

that this action be dismissed, and that judgment be entered in favor of Respondent Frank Albright and against Petitioner Emma Lightsey on all claims.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied.  28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As Lightsey has not received permission from the Eleventh Circuit Court of Appeals to file this petition, a

4

reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Lightsey should be allowed to proceed further.  *Slack* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that, should Petitioner file a certificate of appealability, it be denied as she is not entitled to appeal *in forma pauperis*.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of

5

the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 11th day of April, 2012.

                                          s/BERT W. MILLING, JR.
                                          UNITED STATES MAGISTRATE JUDGE